

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARANJIT KAUR, | No. 13-71538 |
| Petitioner, | Agency No. A200-938-586 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

The 90-day stay of proceedings in this case expired on May 18, 2015. Thus,

respondent's motion to lift the stay is denied as moot.

Charanjit Kaur, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). In doing so, we review the adverse credibility reasons explicitly identified by the BIA, and look to the IJ's decision as a guide to what lay behind the BIA's conclusions. *See id.* We grant the petition for review and remand.

The BIA affirmed the IJ's finding that Kaur was not credible based on an inconsistency and an omission. Substantial evidence does not support the BIA's adverse credibility determination based on the inconsistency regarding when Congress party members last visited Kaur's mother's home in India to look for Kaur. *See Ren v. Holder*, 648 F.3d 1079, 1085-86 (9th Cir. 2011); *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) ("trivial inconsistencies that under the total circumstances have no bearing on a petitioner's veracity should not form the basis of an adverse credibility determination"). Substantial evidence also does not support the BIA's adverse credibility finding based on Kaur not mentioning at her credible fear interview that she sustained scratches/slashes as a result of being

beaten by members of the Congress party in addition to the bruises or injuries that she did mention. *See Lai*, 773 F.3d at 971 (noting that "the mere omission of details" does not necessarily undermine an applicant's credibility).

Thus, we grant the petition for review, and remand Kaur's asylum, withholding of removal, and CAT claims to the agency, on an open record, for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**